UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICHARD ALLEN DALTON,

    Plaintiff,

v.

Deputy LISA HANSFORD,
Warden of Correction JESSICA SYMMES,
Commissioner of Correction TOM ROY,
ET AL., MINN - DEPARTMENT OF
CORRECTION AS AN WHOLE, and
M.C.F. OAKPARK HEIGHTS AS AN WHOLE,

    Defendants.

Civil No. 11-2757 (SRN/JJG)

**REPORT AND RECOMMENDATION**

Plaintiff, a state prison inmate, commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights. The case has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1]

For the reasons discussed below, the Court finds that Plaintiff has failed to plead an actionable claim for relief against any of the Defendants listed in the caption of his complaint, with the possible exception of Defendant Lisa Hansford. The Court will therefore recommend that this action be dismissed as to all Defendants, except Defendant Hansford, pursuant to 28 U.S.C. § 1915A(b).

---

[1] When Plaintiff commenced this action, he did not tender the $350.00 filing fee required by 28 U.S.C. § 1914(a), but he instead applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). Plaintiff's IFP application is being granted by a separate order entered contemporaneously with this Report and Recommendation.

## I. BACKGROUND

Plaintiff's lawsuit stems from an incident that allegedly occurred while he was incarcerated at the Minnesota Correctional Facility in Oak Park Height, Minnesota. Plaintiff alleges that on the night of April 21, 2011, he woke up in his cell with a sharp pain in his chest and stomach. He pushed a "panic button" in his cell to let prison officials know that he needed medical attention. Defendant Lisa Hansford responded to Plaintiff's call by talking to him over a loudspeaker. Plaintiff allegedly told Hanford about his medical problem, and Hansford allegedly told Plaintiff that she would contact the prison's medical department.

Plaintiff alleges that he continued to suffer from great pain, he vomited, and he then lost consciousness. Sometime later, Plaintiff awoke again, and he again sought help by pushing the panic button. Defendant Hansford allegedly responded to Plaintiff's second call for help by telling him that no one from the prison medical department would come to see him unless blood was coming out of his mouth. Plaintiff alleges that he spent the next three hours "suffering badly." The following day, Plaintiff was seen by a prison doctor who speculated that Plaintiff might have had a "secondary panic attack."

Plaintiff later filed an administrative grievance, complaining about Hansford's response to his request for medical care. He alleges that a "formal investigation" was conducted, and Hansford was "written up" and "discipline[d]." Plaintiff is presently attempting to sue Hansford for violating his federal constitutional rights by ignoring his request for medical assistance.

Plaintiff is also attempting to sue four other defendants who are identified as Warden Jessica Symmes, Commissioner of Corrections Tom Roy, "The Minnesota Department of

Corrections as a Whole," and "M.C.F. Oak Park Heights Prison as a Whole." Plaintiff alleges that Defendant Symmes failed to provide him with "disciplinary data" regarding Defendant Hansford. The complaint does not describe any acts or omissions by any of the other Defendants. The complaint also does not describe any injuries that were caused by any of the named Defendants, and it does not describe the relief (if any) that Plaintiff is seeking in this action.

## II. DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue government officials and agencies, his complaint is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that a prisoner's pleading fails to state an actionable claim, it must be summarily dismissed pursuant to § 1915A(b).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal,

3

129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

To bring an actionable civil rights claim, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendants violated the complainant's federal constitutional rights while acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988). Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing each named defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable civil rights claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

In this case, the Court finds that Plaintiff's complaint does not state any actionable civil rights claim against Jessica Symmes, Tom Roy, "The Minnesota Department of Corrections as a Whole," or "M.C.F. Oak Park Heights Prison as a Whole."

Plaintiff has plainly failed to plead any actionable claim against Tom Roy, "The

4

Minnesota Department of Corrections as a Whole," or "M.C.F. Oak Park Heights Prison as a Whole," because he has not described <u>any</u> acts or omissions by any of those three Defendants. Plaintiff's complaint presents only a conclusory allegation that those Defendants somehow violated his rights. That is not enough. To state an actionable civil rights claim against a particular named defendant, the plaintiff must describe some specific unconstitutional offense committed by that defendant. <u>See</u> <u>Iqbal</u>, 129 S.Ct. at 1948 (in a federal civil rights action, the "plaintiff must plead that each Government-official defendant, <u>through the official's own individual actions</u>, has violated the Constitution") (emphasis added). Again, Plaintiff has not described anything that any of these three Defendants personally did, or failed to do, that allegedly violated his constitutional rights. Therefore, Plaintiff has failed to plead an actionable § 1983 claim against Defendant Tom Roy, "The Minnesota Department of Corrections as a Whole," or "M.C.F. Oak Park Heights Prison as a Whole."[2]

Plaintiff's complaint also fails to state any actionable claim against Defendant Jessica Symmes. Plaintiff alleges that Defendant Symmes refused to give him "disciplinary data" pertaining to Defendant Hansford. However, Plaintiff has not described how Symmes supposedly violated his federal constitutional rights. Plaintiff has not identified any provision of the federal Constitution that required Symmes to give him any "disciplinary data," and the Court is not independently aware of any such constitutional requirement.

---

[2] The Court further notes that the Defendant identified as "The Minnesota Department of Corrections as a Whole" appears to be an agency of the State of Minnesota that is immune from suit in federal court under the Eleventh Amendment. <u>Glick v. Henderson</u>, 855 F.2d 536, 540 (8th Cir. 1988). Also, "M.C.F. Oak Park Heights Prison as a Whole" appears to be just the name of a prison facility, and not a distinct legal entity that is suable as such. <u>See</u> <u>De La Garza v. Kandiyohi County Jail, Correctional Institution</u>, No. 01-1966 (8th Cir. 2001) 2001 WL 987542 (unpublished opinion) (upholding summary dismissal

Thus, the Court finds that Plaintiff has failed to plead any actionable § 1983 claim against Defendant Symmes.

## III. CONCLUSION

Even with the liberal construction that is required in pro se cases, (Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's current complaint clearly fails to state any actionable claim for relief against Defendants Jessica Symmes, Tom Roy, The Minnesota Department of Corrections as a Whole," or "M.C.F. Oak Park Heights Prison as a Whole."[3]

The only claim presented in Plaintiff's complaint that might have some possible vitality is Plaintiff's Eighth Amendment claim against Defendant Hansford, based on the allegations that Hansford deprived Plaintiff of medical assistance that he allegedly needed. For the reasons discussed above, the Court finds that Plaintiff has not stated any other actionable claim against any other Defendant besides Hansford. Thus, the Court will recommend that Plaintiff be allowed to pursue his Eighth Amendment claim against Defendant Hansford, and that all of Plaintiff's other claims, against all other Defendants, be summarily dismissed pursuant to § 1915A(b).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

---

of action brought against a county jail, because it was not a suable entity).

[3] It appears that Plaintiff might be attempting to hold these four Defendants vicariously liable for alleged unconstitutional misconduct by Defendant Hansford. It is well settled, however, that the doctrine of respondeat superior does not apply to claims brought under 42 U.S.C. § 1983. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Therefore, none of these four Defendants can be sued based solely on a supervisory relationship to Defendant Hansford.

**IT IS RECOMMENDED** that:

1. Plaintiff be allowed to continue to prosecute his Eighth Amendment claim against Defendant Lisa Hansford, without prejudice to any defenses that Defendant Lisa Hansford might seek to raise hereafter;

2. All of Plaintiff's other claims, aside from his Eighth Amendment claim against Defendant Lisa Hansford, be summarily dismissed pursuant to 28 U.S.C. § 1915A(b); and

3. That all Defendants other than Defendant Lisa Hansford be dismissed from this action.


Dated: October 27, 2011                   *s/Jeanne J. Graham*
                                          JEANNE J. GRAHAM
                                          United States Magistrate Judge


**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **November 14, 2011**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.