UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard Allen Dalton,  Civil No. 11-2757 (SRN/JJG)

      Plaintiff,

v.  **ORDER**

Lisa Hansford, Minnesota Department of
Corrections, Oak Park Heights, Tom Roy,
Jessica Symmes,

      Defendants.

---

This matter is before the Court on Plaintiff Richard Allen Dalton's Objection [Docket No. 9] to the October 28, 2011, Report and Recommendation [Docket No. 8] ("R&R") of Magistrate Judge Jeanne J. Graham. The R&R recommends dismissal of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(b) as to all defendants with the exception of Plaintiff's Eighth Amendment Claim against Defendant Lisa Hansford.

Magistrate Judge Graham recommends dismissal of all claims against Defendants Minnesota Department of Corrections, MCF Oak Park Heights, Tom Roy and Jessica Symmes ("Symmes") on the grounds that Plaintiff has failed to plead sufficient historical facts that demonstrate how these four Defendants allegedly violated Plaintiff's constitutional rights through their individual actions.

The Court has conducted an independent, de novo review of the R&R and of Plaintiff's objection pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b) and D. Minn. L.R. 72.02(b). Based on its review, the Court adopts the R&R in its entirety.

Plaintiff's objection to the R&R only raises an argument as to the recommended dismissal of his claims against defendant Symmes, the Warden of MCF Oak Park Heights. Plaintiff asserts that his claims should survive, alleging that Symmes did not train the employees under her

command, and that a Warden can be held accountable for "policy's and decisions which create unconstitutional conditions (sic)".  See Pl's Objection ¶ 2 [Doc. No. 9].  While this is a new allegation against Symmes, one that was not a part of the claims contained within his initial Complaint, Judge Graham did address Plaintiff's attempt to sue Symmes based on a respondeat superior theory, explaining that "the doctrine of respondeat superior does not apply to claims brought under 42 U.S.C. § 1983" (R&R at 6, n.3).

Plaintiff's objection cites to four cases in support of his position that this action should survive against Warden Symmes.  (See Pl's Objection ¶ 2 [Doc. No. 9] (citing Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985); Black v. Stephens, 662 F.2d 181, 189, 190 (3rd Cir. 1981); Goka v. Bobbitt, 862 F.2d 646, 651, 652 (7th Cir. 1988); and Boswell v. Sherburne County, 849 F.2d 1117, 1123 (8th Cir. 1988)).  However, in all of these opinions, each respective court concluded that the supervisory official at issue was aware of or involved in the enforcement of a policy decision which resulted in the constitutional violation.  Plaintiff has failed to plead any facts to support a claim that Warden Symmes acted in such a way as to violate Plaintiff's constitutional rights.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Graham's Report and Recommendation [Docket No. 8] is **ADOPTED**;

2. Defendants Minnesota Department of Corrections, M.C.F. Oak Park Heights, Tom Roy and Jessica Symmes are dismissed from this action;

3. Plaintiff shall be allowed to continue to prosecute his Eighth Amendment claim against Defendant Lisa Hansford, without prejudice to any defenses that Defendant Hansford

might seek to raise hereafter; and

      4.     All of Plaintiff's other claims, with the exception of his Eighth Amendment claim against Defendant Lisa Hansford, are summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

Dated:   January 9, 2012

                                                  s/Susan Richard Nelson
                                                SUSAN RICHARD NELSON
                                                United States District Judge